THE OHIO AND MISSISSIPPI RAILWAY COMPANY

*v.*

JAMES C. LACKEY.

CONSTITUTIONAL LAW—*making railroad company liable for no violation of duty.* The act of 1855 making railroad companies liable for all expenses of the coroner and his inquest, and the burial of all persons who may die on its cars, or who may be killed by collision, or other accident

occurring to such cars, or otherwise, is unconstitutional and void, so far as it attempts to make such companies liable in cases where they have violated no law, or have been guilty of no negligence on their part.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. H. P. BUXTON, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the judgment of the Marion circuit court, rendered at the October term, 1870, upon the following agreed state of facts:

"It was agreed in this case that, during the year 1869, three persons were run over and killed by trains on the railroad of appellant, in Marion county, and the appellee, being coroner of said county at the time, held an inquest in each case, the expenses of which, together with the costs of burial, amount, in the aggregate, to $91.15; that if appellant was, in law, liable to appellee, upon the facts stated, for the above amount, then judgment should be rendered in favor of appellee therefor, and if not so liable, then judgment should be for appellant, with the right to either party to appeal."

In 1855, the General Assembly of this State passed an act entitled "An act to provide for the burial of the dead occurring on railroads, and in or by vehicles carrying passengers," in the second section of which act it is provided that "every railroad company running cars within this State shall be liable for all the expense of the coroner and his inquest, and the burial of all persons who may die on the cars, or who may be killed by collision, or other accident occurring to such cars, or otherwise; and any coroner, city, town or person who shall take charge of and decently inter any such body or corpse, or cause an inquest to be held over such corpse, shall have cause of action against such company, before any court having competent jurisdiction." Sess. Laws 1855, p. 170; Scates' Comp. 423.

1875.]          Ohio & Miss. Ry. Co. *v.* Lackey.          57

Opinion of the Court.

It is insisted by appellant, that this statute is not within the constitutional competency of the General Assembly to enact, as it places the burden of these expenses upon the railroad companies, which, in other cases of like nature, is placed upon the estate of the deceased, or upon the county in which the accident may occur. This is the general law. R. S. 1845, ch. 99, title, "Sheriffs and Coroners," sec. 23; R. S. 1874, sec. 21, title, "Coroners."

It may, very pertinently, be asked, why this distinction? On what principle is it that railroad corporations, without any fault on their part, shall be compelled to pay charges which, in other cases, are borne by the property of the deceased, or, in default thereof, by the county in which the accident occurred?

An examination of the section will show that no default, or negligence of any kind, need be established against the railroad company, but they are mulcted in heavy charges if, notwithstanding all their care and caution, a death should occur on one of their cars, no matter how caused, even if by the party's own hand. Running of trains by these corporations is lawful, and of great public benefit. It is not claimed that the liability attaches for a violation of any law, the omission of any duty or the want of proper care and skill in running their trains. The penalty is not aimed at anything of this kind. We say penalty, for it is in the nature of a penalty, and there is a constitutional inhibition against imposing penalties where no law has been violated or duty neglected. Neither is pretended in this case, nor are they in the contemplation of the statute. A passenger on the train dies from sickness. He is a man of wealth. Why should his burial expenses be charged to the railroad company? There is neither reason nor justice in it; and if he be poor, having not the means for a decent burial, the general law makes ample provision for such cases. As argued by the counsel for appellant, the law attempts to place what is properly a public burden upon these corporations, which should be borne

by all alike, and discharged out of public funds raised by equal and uniform taxation.

This may be considered in the light of a special tax, for which there is no sanction in the constitution. We have not been furnished with any brief, points or argument for the appellee. The views presented by appellant satisfy us the law in question can not be sustained as a constitutional enactment.

In 1874, the General Assembly repealed this statute, by chap. 131, title, "Statutes," R. S. 1022, but, at the same session, re-enacted it substantially, giving the power to sue, not to the coroner, as here, but to the county. Ib., title, "Coroners," 283, sec. 22.

For the reasons given, the judgment is reversed.

*Judgment reversed.*