## CHARLES P. H. BIELENBERG, Respondent, v. MONTANA UNION RAILWAY COMPANY, Appellant.

Railroads — *Killing of live stock — Section* 713, *division* 5, *Compiled Statutes, unconstitutional — Instructions — Negligence.* —The defendant was sued in damages for killing the plaintiff's horse. The action was tried under section 713, division 5, Compiled Statutes, which provides that railroads in Montana shall be liable for injuring or killing live stock. Upon the trial, the District Court gave the following instruction at the request of the plaintiff: "Under the laws of this Territory, the killing being proved, or being admitted, as in this case, the · negligence of the defendant must be presumed, and the burden of proving the exercise of due care devolves upon the defendant; and unless the defendant shows that it exercised reasonable care and caution to avoid the killing, then you will find for the plaintiff." *Held,* that the language of said section is not susceptible of the construction, that only a rule of *prima facie* evidence of negligence is established thereby; that the said section attempts to make railroads liable for killing or injuring live stock absolutely, without regard to any actual negligence, and in the absence of any law requiring such roads to fence their tracks (the violation of which would properly subject them to penalties of the kind prescribed by such a statute) is unconstitutional; and that, therefore, the instruction aforesaid was erroneous. *Held, also,* that the said instruction failed to state the general law upon the subject of negligence correctly. (*Diamond* v. *R. R. Co.* 6 Mont. 580, distinguished.)

*Appeal from the Second Judicial District, Deer Lodge County.*

### STATEMENT.

The action was to recover two hundred and fifty dollars, the value of a horse killed by a train on the track of the Montana Union Railway Company. The plaintiff recovered a judgment for said sum.

*William H. De Witt,* for Appellant.

If the defendant railroad company exercises due care, it is guilty of no negligence, and if the accident was unavoidable, then the plaintiff cannot recover. (*Walsh* v. *V. & T. R. R. Co.* 8 Nev. 110; *A. T. & S. F. R. R. Co.* v. *Betts,* 10 Colo. 431; *W. St. L. & P. Ry. Co.* v. *Locke,* 112 Ind. 404; 2 Am. St. Rep. 193; *K. C. L. & S. K. Ry. Co.* v. *Bolson,* 36 Kan. 534; *A. T. & S. F. R. R. Co.* v. *Walton,* 9 Pac. Rep. (N. M.) 351; *Volkman* v. *C. St. P. M. & O. R. R. Co.* 37 N. W. Rep. (Dak.) 731; *Williams* v. *S. P. R. R. Co.* 72 Cal. 120; *D. & R. G. Ry. Co.* v. *Henderson,* 10 Colo. 1; *D. & R. G. Ry. Co.* v. *Chandler,* 8 Colo. 371; 7 Am. & Eng. Railway Cases, pp. 577, notes 2, 3, 588; *P. C. & St. L. R. R.*

Co. v. *McMillan*, 37 Ohio St. 554; *McKissock* v. *St. L. K. C. & N. Ry. Co.* 73 Mo. 456; *M. & A. R. R. Co.* v. *Vaughn*, 48 Ga. 464; *M. & O. R. R. Co.* v. *Williams*, 53 Ala. 595; *Fisher* v. *Farmers' L. & T. Co.* 21 Wis. 73; *J. M. & I. R. R. Co.* v. *Underhill*, 48 Ind. 389; *Darling* v. *B. & A. R. R. Co.* 121 Mass. 118; *Drake* v. *P. & E. R. R. Co.* 51 Pa. St. 240; *Munger* v. *T. R. R. Co.* 4 N. Y. 349; 53 Am. Dec. 384; *Spinner* v. *N. Y. C. & H. R. R. Co.* 67 N. Y. 153; *Isbell* v. *N. Y. & N. H. R. R. Co.* 27 Conn. 393; 71 Am. Dec. 78; *Needham* v. *S. F. & S. J. R. R. Co.* 37 Cal. 409; *Toledo W. & W. R. R. Co.* v. *McGinnis*, 71 Ill. 346; *Witherell* v. *M. & St. P. R. R. Co.* 24 Minn. 410; *C. & Z. R. R. Co.* v. *Smith*, 22 Ohio St. 227; 10 Am. Rep. 729; *Jackson* v. *R. & B. R. R. Co.* 25 Vt. 150; 60 Am. Dec. 246; *K. C. R. R. Co.* v. *Talbot*, 78 Ky. 621; *C. St. L. & N. O. R. R. Co.* v. *Packwood*, 59 Miss. 280, and cases cited in the above authorities.) The law of the Twelfth Session, page 68, is invalid, in that it attempts to render a railroad company absolutely liable for killing stock, irrespective of any defense it may have. (*C. & F. R. R. Co.* v. *Parks*, 32 Ark. 131; *L. R. & F. S. Ry. Co.* v. *Payne*, 33 Ark. 816; 34 Am. Rep. 55; *M. & A. R. R. Co.* v. *Vaughn*, 48 Ga. 464; *M. & O. R. R. Co.* v. *Williams*, 53 Ala. 595; *Graves* v. *N. P. R. R. Co.* 5 Mont. 556; 51 Am. Rep. 81.) It is not law, that the killing being proved, negligence is presumed, and the burden of proof that there was not is cast upon the defendant, save when there is a positive statute to that effect. (*Little Rock Co.* v. *Payne*, 33 Ark. 816; 34 Am. Rep. 55; *Walsh* v. *V. & T. R. R. Co.* 8 Nev. 110; *A. T. & S. F. R. R. Co.* v. *Betts*, 10 Colo. 431; *A. T. & S. F. R. R. Co.* v. *Walton*, 9 Pac. Rep. 351, and cases at bottom of p. 355; 3 Woods' Railway Law, p. 1565, § 422, and cases in note; *K. C. R. R. Co.* v. *Talbot*, 78 Ky. 621; 7 Am. & Eng. Railway Cases, p. 581, cases cited in third paragraph on that page.) Such *is* not the law in jurisdictions where the statute does not compel railroad companies to fence their tracks, although such a rule of evidence may be good where the companies are required to erect and maintain fences along their right of way. (*Walsh* v. *V. & T. R. R. Co.* 8 Nev. 110; *Bethje* v. *H. & C. T. R. R. Co.* 26 Tex. 504; *P. C. etc. Co.* v. *McMillan*, 37 Ohio St. 554; *McKissock* v. *St. L. etc. Co.* 73 Mo. 456; *M. & O. R. R. Co.* v. *Hudson*, 50

Miss. 572; *D. & R. G. Ry. Co.* v. *Chandler*, 8 Colo. 371; 7 Am. & Eng. Railway Cases, p. 581, cases cited in fifth paragraph.) The laws of Montana do not directly create such a rule of evidence. The respondent evolves by implication, from section 1, Laws of the Twelfth Session, page 68, the rule of evidence sought to be invoked by him, that, the killing being proved, negligence is presumed. That law is void, for the expressed purpose of its enactment; and it cannot be tortured into another use. If void for the purpose of its creation, it is not valid for a totally different purpose, and one not even implied in its language. (*A. T. & S. F. R. R. Co.* v. *Betts*, 10 Colo. 431; Cooley's Constitutional Limitations, 177, 178, 188.) Under the evidence the court should have directed a verdict for the defendant. (*Volkman* v. *C. St. P. M. & O. R. R. Co.* S. C. Dak. Feb. 15, 1888; *Williams* v. *S. P. R. R. Co.* 72 Cal. 120; *D. & R. G. Ry. Co.* v. *Chandler*, 8 Colo. 371.)

*Knowles & Forbis*, for Respondent.

The presumption that a witness speaks the truth may be repelled by the character of his testimony, or by his motives, or by contradictory evidence, etc. (Comp. Laws of Mont. § 619, p. 223; 1 Greenleaf on Evidence, §§ 11, 12.) The jury were the judges of the credibility of the witness, Haslett. (Comp. Laws of Mont. § 619, p. 223.) The jury undoubtedly discarded the evidence of Haslett, and were then confronted with the fact admitted in the pleadings, and all through the trial of this cause, that appellant killed with its train the horse of respondent. We are confronted, then, with the fact of the killing of the horse, and the legal question is presented whether such a fact being proven, the plaintiff should have established, in addition to this fact, acts of defendant showing its negligence. Section 713, page 826, Compiled Laws of Montana, it is admitted, provides according to its terms that the killing of an animal by a railroad company shall subject it to the damages sustained by the owner on account of the killing. The respondent claims that this statute, upon a proper construction, does not make the railroad company absolutely liable, but only shifts the burden of proof. That under it, the killing being proven, the burden is upon the railroad company to show due care or want of

negligence. It is not true that such a statute must be construed strictly according to its terms. Every statute should, if possible, have such a construction as will prevent its being unconstitutional. It is never to be presumed that the legislature intended to violate the fundamental law, or to enact a statute which will have an unconstitutional effect. A statute which, by giving an exact meaning or effect to its words, would make certain acts conclusive evidence of a fact, has been construed to be only *prima facie* evidence of the fact. (Endlich, § 178, p. 246. See *Lathrop* v. *Dunlop*, 4 Hun, 213; 63 N. Y. 610; *Walker* v. *Hall*, 34 Pa. St. 483–486.) This rule is followed in the construction of statutes similar to the one under consideration in the following cases: *Little Rock & Ft. Scott Ry. Co.* v. *Payne*, 33 Ark. 816; 34 Am. Rep. 55; *Mobile & Ohio R. R. Co.* v. *Williams*, 53 Ala. 595; *Macon & Augusta R. R. Co.* v. *Vaughn*, 48 Ga. 464. In some States the courts have adopted the rule as the proper one, that the killing being proven, the railway company should show that it exercised due care. (*Danner* v. *S. C. R. R. Co.* 4 Rich. 329; 55 Am. Dec. 678; *Galpin* v. *C. R. R. Co.* 19 Wis. 609.) It is said in some of the cases the above rule prevails where it is said the cattle are rightfully on the track. In Montana, cattle are what is termed free commoners. No one can recover for the trespass of an animal unless his premises are enclosed by a lawful fence. (Comp. Laws of Mont. p. 958, § 1119; *Smith* v. *Williams*, 2 Mont. 195; *Waters* v. *Moss*, 12 Cal. 535; 73 Am. Dec. 561; *Chase* v. *Chase*, 15 Nev. 259.) The fact that the plaintiff placed his horse in his own field would not change the rule and make the horse unlawfully upon the track of defendant. (*Richmond* v. *Sacramento Valley R. R. Co.* 18 Cal. 351; *Housatonic Ry.* v. *Waterbury*, 23 Conn. 101; *T. R. R. Co.* v. *Munger*, 5 Denio, 255; 49 Am. Dec. 264; *McCoy* v. *Cal. P. R. R.* 40 Cal. 532; 6 Am. Rep. 623.) The case was then left to the jury after they discarded the evidence of Haslett, with the simple fact of the killing of the horse, which the statute makes *prima facie* evidence of negligence or want of due care. There was a conflict of evidence in this case; this evidence which made a *prima facie* case for plaintiff and the evidence for defendant. Where there is a conflict in the evidence a new trial should not be granted. (*Orr* v. *Haskell*, 2 Mont. 225.)

BACH, J. — This action is for damages for the alleged negligent killing of plaintiff's horse by defendant, upon its railroad. The defendant appeals from the order denying a new trial. One of the alleged errors relied upon by appellant is the following instruction given by the court at the request of respondent: "Under the laws of this Territory, the killing being proved, or being admitted, as in this case, the negligence of the defendant must be presumed, and the burden of proving the exercise of due care devolves upon the defendant; and unless the defendant shows that it exercised reasonable care and caution to avoid the killing, then you will find for the plaintiff." Section 713, page 826, Compiled Statutes, provides as follows: "Every railroad corporation or company operating any line of railroad or railway, or any branch thereof, within the limits of this Territory, which shall damage or kill any horse . . . . by running any engine or engines, car or cars, over or against any such animal, shall be liable to the owner of such animal for the damages sustained by such owner by reason thereof." It is conceded by counsel for respondent that this section literally construed is unconstitutional; and we would not pass upon the question if we were not of the opinion that the instruction complained of is erroneous, unless it can be held good under the statute, thus stating a rule more favorable to the appellant than the law requires.

There is an apparent conflict of authorities upon this question; but upon a careful investigation of the cases the conflict disappears, and few authorities can be found sustaining a statute similar to that which we are now considering. The leading case upon the subject is *Thorpe* v. *R. R. Co.* 27 Vt. 140; 62 Am. Dec. 625; and this case has been followed in the case of *Rudemacher* v. *R. R. Co.* 41 Iowa, 302, which also cites *R. R. Co.* v. *McClelland*, 25 Ill. 140. These cases will serve to show the distinction, which, we think, is to be made between the case under consideration and the majority of those cases which are usually cited as sustaining a doctrine contrary to the conclusion which we have reached upon this question. The statutes of Vermont and Illinois, which the courts of those States were considering, enacted that all railroads should erect and maintain sufficient fences along their tracks, and declared that all rail-

roads failing to comply with that law should be liable for all damages accruing to the owners of live stock killed or injured by such railroads. The Supreme Court of the United States, in a recent case, has decided that a law compelling railroads to fence their lands is not unconstitutional, holding that it is a. police regulation. This doctrine had already been announced by many State courts. Bearing this in mind, we find that the Vermont and Illinois cases establish the rule that where a railroad company conducts its business in violation of the law, it shall be liable for all damages to stock, which damage is the result of such violation. Such statutes, therefore, merely affix a penalty to the violation of a duty imposed by a valid law of the land. That this distinction is recognized by the courts of Illinois is apparent from a later case in the Supreme Court of that State, hereafter referred to in this opinion. There is no law in this Territory which compels railroads to fence their lands, and in order to hold the literal provisions of this section constitutional, we must lay down the doctrine that the legislature can inflict a penalty upon one who is doing a lawful act in a lawful manner.

We think such a construction violates the principles of the Constitution. After a careful consideration of all the cases, we firmly believe that the case from the Iowa Supreme Court is the only case which sustains a statute similar to ours. It would be almost impossible to add aught to what has been said upon this subject by other courts, and we content ourselves with stating the conclusion already announced, citing as authorities the following cases: *Cairo & F. R. R. Co.* v. *Parks*, 32 Ark. 131; *Zeigler* v. *R. R. Co.* 58 Ala. 595; *Ohio & M. R. R. Co.* v. *Lackey*, 78 Ill. 55; 20 Am. Rep. 259.

In Illinois a statute required railroads to defray the expenses of burial of all persons dying on or killed by their trains. In the case last cited, the court says: "On what principle is it that railroad corporations, without any fault on their part, shall be compelled to pay charges which, in other cases, are borne by the property of the deceased; or, in default thereof, by the county in which the accident occurred? An examination of the section will show that no default or negligence of any kind need be established against the railroad company, but they are mulcted

in bearing charges if, notwithstanding all their care and caution, a death should occur on one of their cars, no matter how caused, even if by the party's own hand. Running of trains by these corporations is lawful and of great public benefit. It is not claimed that the liability attaches for a violation of any law, the omission of any duty, or the the want of proper care and skill in running their trains. . . . . The penalty is not aimed at anything of this kind. We say penalty, for it is in the nature of a penalty, and there is a constitutional prohibition against imposing penalties where no law has been violated or duty neglected." As we have already stated, counsel for respondent concede that the statute, when literally construed, is unconstitutional, because it lays down a rule of conclusive evidence; but they claim that the statute should be construed so that it may establish a rule of *prima facie* evidence of negligence; that is to say, when it appears in evidence that one of the animals mentioned in the statute has been killed by a railroad, a *prima facie* case of negligence shall be deemed to have been established. Counsel cite as authority, section 178 of Endlich on the Interpretation of Statutes. We apprehend the rule to be as follows: Courts will not set aside a declaration of the legislative will, unless it is plainly in violation of a constitutional provision; that where a statute upon its face is capable of two interpretations, one void, as being contrary to the Constitution, the other valid, the courts will adopt the latter; but (citing from the learned author, Mr. Endlich, § 180) " the rule stated does not warrant the avoidance of unconstitutionality in a statute by forcing upon its language, under construction, a meaning which, upon a fair test, is repugnant to its terms. Where the language will not fairly bear a construction consistent with the Constitution, the courts can only refuse to enforce the act." The statute under consideration was evidently enacted to create a conclusive presumption. It is not susceptible of two interpretations. If the court could force upon it such a meaning as is sought to be established, we could with equal propriety declare it to be but a statement of the common law, that a railroad should be liable for damages to stock resulting from the negligence of such railroad; and such an interpretation would have a twofold authority; one that, thus construed, it is a declaration of the common law;

and not in conflict with it, which is a general rule of interpretation; the other that, when thus construed, it violates no principle of common justice; for, to say that the owner of live stock may permit them to go upon the lands purchased by a railroad company, and may recover damages for any injury inflicted upon them by such company, irrespective of actual negligence upon its part, seems to present a case of great injustice, and thus violates the rule of statutory construction contained in section 638, page 226 of the Compiled Statutes.

Counsel for respondent have cited upon this point a case from 53 Ala. 595. In a later case from the same State, the court refused to give such a construction to the statute, and held that a rule of positive and conclusive proof was contained in the statute, which was therefore unconstitutional. (See *Zeigler* v. *R. R. Co.* 58 Ala. 594.)

We are of the opinion that the instruction cannot be sustained, either as a statutory rule of law, or as a correct interpretation of the general law upon the subject of negligence.

There are cases cited upon the brief of respondent which declare the rule to be as stated in the instruction under review. But the great weight of authority is against such a proposition, and we consider it to be contrary to the true principle governing the case. The gist of the action is negligence, and until some negligence is shown there cannot be said to be any liability.

Much has been said in argument in this case for and against this rule as applied to railroads. It is not for us to declare what the law should or should not be, or to declare that what is law for one is not law for all. The legislature is now in session and may adopt such law as to it seems wise.

This decision does not conflict with the rule established in *Diamond* v. *R. R. Co.* 6 Mont. 580. That case was decided upon a statute expressly declaring that railroad companies shall keep their right of way free from dead grass, and that a failure so to do shall be *prima facie* evidence of negligence. (Comp. Stats. § 719, p. 830.) And in the opinion in that case the learned judge further justified the decision upon the ground that there are accidents arising from certain causes, the very existence of which shows a *prima facie* case of negligence, the cause of the accident in that case being sparks from a locomotive. Mr.

Bailey, in his work upon the Conflict of Judicial Decisions, has collected the cases upon either side of this question, and a reference to page 250 of his work will show an extensive line of authorities sustaining the rule as stated in the *Diamond Case*.

The order appealed from is reversed with costs; and the cause is remanded to the court below for a new trial.

*Judgment reversed.*

McConnell, C. J., and Liddell J., concur.