(March 18, 1889.)

## CATRIL v. UNION PACIFIC RAILWAY COMPANY.

[21 Pac. 416.]

CONSTITUTIONALITY OF ACT—DUE PROCESS OF LAW.—An act which fixes absolute liability on a corporation to make compensation for injuries done to property in the prosecution of its lawful business, without any wrong, fault or neglect on its part, when under the general law of the land no one else is so liable under such circumstances, does not provide the "due process of law" provided for in the constitution of the United States, and is therefore void.

(Syllabus by the court.)

APPEAL from District Court, Oneida County.

P. L. Williams, for Appellant.

The different killings constitute different torts, and, while they may be united in the same complaint, they must be set forth, as they are, in fact, distinct causes of action. (Rev. Stats., sec. 4169; *Buckingham v. Waters,* 14 Cal. 146; *Watson v. Railroad Co.,* 41 Cal. 17.) Revised Statutes, section 2680, if valid, creates an absolute liability on the part of any railroad company for all domestic animals killed or injured by it in the manner designated, unless the injury occurred through the neglect or fault of the owner. The effect of this statute, if it means what it says, is to take the property of one, while in the exercise of a lawful pursuit, and in a lawful, proper, and careful manner, and transfer it to another. This is not due process of law, is unconstitutional, and void. (Cooley's Constitutional Limitations, 432 et seq.; *Zeigler v. Railroad Co.,* 58 Ala. 594; *Railroad Co. v. Geiger,* 29 Am. & Eng. R. R. Cas. 275; *Ohio etc. Ry. Co. v. Lackey,* 78 Ill. 55, 20 Am. Rep. 259.)

Smith & Smith, for Respondent.

Everyone must so use his property as to cause the least injury possible to every other person's property, and the state may, by appropriate legislation, enforce this duty, even to imposing suitable penalties for its violation. (Broom's Legal Maxims, 275, 276.) Statutes of the kind under consideration are upheld on

two grounds. One is that the owner of the animals, not being in fault, ought to be compensated; and the other and more weighty one is that it is unsafe to passengers and employees to allow cattle to run upon the track, and be killed by the engines. Hence, to prevent the liability of this killing, a penalty is imposed for every killing. (Cooley's Constitutional Limitations, 715; *Railroad Co. v. Hughes,* 68 Tex. 290, 4 S. W. 492; *Railway Co. v. Mower,* 16 Kan. 573; *Hopkins v. Railway Co.,* 18 Kan. 462.)

LOGAN, J.—This action was brought by the respondent under the statute of this territory to recover damages for certain horses alleged to have been killed by the locomotive and cars of the appellant. The appellant demurred to the complaint, which demurrer was overruled, whereupon the appellant interposed an answer, admitting the incorporation of the defendant, but placing in issue the remaining facts set out in the complaint. Upon the trial of the issues the plaintiff proved the killing of the horses alleged to have been killed, their value, and rested. At the conclusion of the trial the defendant requested the court to charge the jury as follows: "The court charges you that though you may believe that the defendant killed each of the horses sued for by running its engine and cars over against the same, yet, if you further believe by a preponderance of evidence that the defendant, by its agents, in killing any of plaintiff's horses, acted as an ordinarily prudent and reliable person would under similar circumstances, then the plaintiff is not entitled to recover for the horses so killed, and your verdict as to such horses should be for the defendant; that mere proof of killing plaintiff's horses is not sufficient evidence to show that defendant did not act as an ordinarily prudent and reasonable person would act under similar circumstances." The defendant's counsel excepted to the refusal of the court to charge as requested, and this exception raises the only important question of this case, and that is the constitutionality of the statute under which the suit is brought and sought to be maintained; for the refusal to so charge cannot be upheld except upon the statute. The statute (section 2680 of the Revised Statutes of Idaho) provides that "every railroad company operating any line of railroad within

this territory, that maims or kills any horse, mare, gelding, filly, jack, jenny, or mule, or any cow, heifer, bull, ox, steer or calf, or any other domestic animal, by running any engine or cars over or against any such animal, is liable to the owner of such animal for the damages sustained by such owner by reason thereof, unless the injury occurred through the neglect or fault of the owner." The plaintiff's counsel concedes that if this section is unconstitutional, then he is not entitled to recover in this action, It is equally clear that unless this action is based entirely upon the statute, the refusal of the court to charge as requested was error; so that the only question to be determined in this case is one of the constitutionality of the section referred to. This statute makes the defendant liable in cases where the mere killing is proven without proof of any negligence whatever on the part of the railroad company. In fact, the killing being proved or admitted, negligence is presumed. It is conceded that there is no general statute in this territory which requires railroad companies to fence their tracks. The supreme court of the United States, in a recent case, has decided that the law compelling railroads to fence their land is not unconstitutional, holding that it is a police regulation. Bearing this doctrine in mind, we find that the authorities which have maintained that acts of this kind are constitutional are based upon the ground that a failure to fence on the part of the railroad company is a violation of the statute, and that the damage in such cases is caused by the wrongful act of the defendant. Such statutes merely fix a penalty for the violation of a duty imposed by a valid law of the land. As we have stated, there is no general law in this territory which compels railroads to fence their lands, and in order to hold the provisions of this section constitutional we must uphold the right of the legislature to inflict a penalty upon the defendant who is doing a lawful act in a lawful manner. We do not feel that we should uphold such a statute as this. The weight of authority is decidedly against our doing so. (*Railroad Co. v. Parks*, 32 Ark. 131; *Zeigler v. Railroad Co.*, 58 Ala. 595; *Ohio etc. Ry. Co. v. Lackey*, 78 Ill. 55, 20 Am. Rep. 259.) The court said in the last case cited: "On what principle is it that railroad corporations, without any fault on their part, shall be compelled to pay charges which, in other cases, are

borne by the property of the deceased, or, in default thereof, by the county in which the accident occurred?" An examination of the section will show that no default or negligence of any kind need be established against the railroad company. A penalty—for it is in the nature of a penalty—should not be inflicted upon the defendant by the legislature for doing a lawful act in a lawful manner. In fact it has no power to inflict such penalty. The running of trains by this corporation was lawful, and of great public benefit, and has served more to develop the resources of this western country than any other agency. It is not claimed that the liability attaches for the violation of any law, the omission of any duty, or the want of proper care and skill in running their trains. It is contended that the statute should be construed so that it may establish a rule of *prima facie* evidence of negligence. Such construction of the statute does not seem to us a fair one. The language is plain, and it was clearly the intention of the legislature to make the killing of the animal by the railroad company the only test of its liability. To do this, in our opinion, would be an act of great injustice, and would be a clear violation of the constitution. It is with great reluctance that we pass upon this statute, and we would not do so if it were possible to dispose of this case justly upon any other basis; but the refusal to charge as requested, and the overruling of defendant's demurrer, can be upheld upon no other ground than upon the existence of this statute, for, in the absence of the statute, both rulings are manifestly error. A statute of this character—one precisely similar to the one in question—has lately been passed upon by the supreme court of Montana in the case of *Bielenberg v. Railway Co.,* 8 Mont. 271, 20 Pac. 314. That court has declared such an act unconstitutional. We are inclined to follow the decision of that court. The judgment and order appealed from are therefore reversed, and a new trial granted. Judgment reversed.

Weir, C. J., and Berry, J., concur.