(November 22, 1894.)

## KELLY v. OREGON SHORT LINE RAILWAY.
### [38 Pac. 404.]

EVIDENCE—PRIMA FACIE NEGLIGENCE—BURDEN OF PROOF.—The evidence shows that respondent's bull was on the track; that the track was covered with snow; that the bull was black; that the track was straight for more than a mile; that the bull ran between the rails for some distance and was knocked off and killed. *Held,* sufficient was shown to establish a *prima facie* case of negligence, and put the party upon proof.

IDENTIFICATION OF ANIMAL KILLED.—One witness testifies that the animal had run with his band of cattle within a few days of the time of killing; another that he knew the animal well and examined it a few hours after it was killed. The owner described the animal, giving age, marks and brands. *Held,* the identity of the animal sufficiently established.

PROOF OF ACCIDENT.—The employees of appellant were the only witnesses to the accident, and if there was no want of due care it was incumbent on appellant to show it.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Eden & Terrell, for Appellant.

No one saw this bull killed, and the only evidence of negligence is the fact of the dead bull being found near the track, which we think is not sufficient in view of the fact that section 2680 of the Revised Statutes of Idaho has been declared by this court to be unconstitutional and void.

(*Cateril v. Union Pac. R. R. Co.*, 2 Idaho, 576, 21 Pac. 416.) Negligence cannot be presumed, but must be affirmatively proved by the party alleging it. (*Mynning v. Detroit etc. Co.*, 59 Mich. 257, 26 N. W. 514; *Brown v. Congress & Baker St. Ry. Co.*, 49 Mich. 153, 13 N. W. 494; *Grand Rapid etc. R. Co. v. Judson*, 34 Mich. 507; *Asbach v. Chicago etc. Ry. Co.*, 74 Iowa, 248, 37 N. W. 183.)

H. V. A. Ferguson, for Respondent.

Actionable negligence is the inadvertent failure of a legally responsible person to use ordinary care, under the circumstances, in observing or performing a noncontractual duty, implied by law, which failure is the proximate cause of injury to a person to whom the duty is due. (16 Am. & Eng. Ency. of Law, bot. p. 389.) As a rule, negligence is not presumed. But there are cases where the maxim *Res ipsa loquitur* is directly applicable, and from the thing done or omitted negligence or care is presumed. (16 Am. & Eng. Ency. of Law, bot. pp. 448, 449; 2 Thompson on Negligence, 1227-1235, sec. 3; Cooley on Torts, 796; Shearman and Redfield on Negligence, sec. 59; Wharton on Negligence, secs. 421, 422; Bigelow on Torts, 596; *Kearney v. London etc. R. Co.*, L. R. 6 Q. B. 759; *Holbrook v. Utica etc. R. Co.*, 12 N. Y. 236, 64 Am. Dec. 502.) "When the plaintiff has introduced evidence of negligence sufficient as a matter of law to charge defendant with liability, or has shown such a state of facts as creates a presumption of negligence, the burden of proof shifts to the defendant." (16 Am. & Eng. Ency. of Law, bot. p. 455; *Pennsylvania Canal Co. v. Bentley*, 66 Pa. St. 30; 2 Thompson on Negligence, p. 1235, sec. 8; *Missouri Pac. R. Co. v. Foreman*, 73 Tex. 311, 15 Am. St. Rep. 785, 11 S. W. 326; *Bischoff v. Schultz*, 5 N. Y. Super. Ct. Rep. 757; *Giles v. Diamond State Iron Co.*, 7 Houst. 29, 8 Atl. 368.) "The extent of the duty of a railroad company as to stock on its track is, that the engineer shall use reasonable care, after the stock is discovered by him, to prevent injury to it; and it is error to charge that it is negligence for a railroad company to fail to keep a lookout for stock." (*Kansas City etc. R. Co. v. Shaver* (Ark.), 14 S. W. 864.)

HUSTON, C. J.—Plaintiff brings suit to recover the value of a bull alleged to have been killed by defendant corporation. The case was originally tried in justice court, where judgment was rendered for defendant. Appeal was taken to district court, where case was tried *de novo,* and verdict and judgment recovered by plaintiff, from which judgment defendant appeals to this court. The case comes up on bill of exceptions.

The questions raised and relied upon by appellant are: 1. The verdict of the jury, and the judgment, are not supported by the evidence, and are against law; 2. The court erred in refusing to give the peremptory instruction requested by defendant; 3. The instructions to the jury were ambiguous, uncertain, and misleading, and do not state the law with sufficient clearness.

The case was tried by the court with a jury. The only evidence offered was that on the part of plaintiff. After the plaintiff closed his testimony, defendant moved for a peremptory instruction in favor of defendant, which the court declined to grant.

The first point urged by appellant is that there was no sufficient identification of the animal, for the loss of which the action was brought. The plaintiff described his animal as a "four year old, half-breed, polled Angus bull, branded M K on the left side, and a piece cut out of his ear." Two other witnesses testified that the bull in question was that of plaintiff. One of said witnesses is quite positive, as the animal had run with his band of cattle up to within a few days of its killing. The other witness is equally positive, being well acquainted with the animal, and having seen and examined it a few hours after it was killed. We think this evidence sufficiently establishes the identity of the animal, notwithstanding the negative statement of the other witness that he found no brand upon the animal.

The next point raised by the appellant is that the evidence offered by plaintiff was not sufficient to establish a *prima facie* case of negligence on the part of the defendant, and thereby put the defendant upon proof. The evidence shows that, on the night when the bull was killed by the train

of defendant, it had been snowing up to about 9 o'clock P. M.; that the track at the place of killing was straight for a mile or more; that there were tracks between the rails for some distance, to where the first bull was knocked off the track, and some twenty steps farther, to where the second bull was knocked off the track. There was snow upon the ground. The animals were black, and, it must be, could have been seen at some distance by the engineer. We think sufficient was shown by plaintiff to put the defendant to its proof. In fact, we do not well see, in the absence of an eye-witness, how more could be proved by plaintiff. And the only eyewitnesses were the employees of defendant. If there was no want of due care on the part of defendant; if the usual means were resorted to, to avoid or prevent the acci-dent—the proof of such facts was in the possession and con-trol of the defendant, and of the defendant only, and we think it was incumbent upon it, under the condition of the evidence, to make such proof. (Shearman and Redfield on Negligence, sec. 89; *Railway Co. v. Shaver* (Ark.), 14 S. W. 864; *Railroad Co. v. Field,* 46 Miss. 573; Cooley on Torts, 2d ed., 796.)

We find no error in the instructions to the jury. The judg-ment of the district court is affirmed, with costs.

Morgan and Sullivan, JJ., concur.