## SCHENCK v. UNION PACIFIC RAILWAY CO., and CLARK ET AL., RECEIVERS.

RESERVED QUESTIONS—PLEADING—CONSTITUTIONAL LAW—STAT-
UTES CREATING LIABILITY FOR DAMAGES TO LIVE STOCK BY
RAILROAD IN THE ABSENCE OF NEGLIGENCE.

1.  The reservation, by a district court, of important and diffi-
    cult questions arising in a cause, is not premature, because
    such reservation is made before judgment.

2.  It is not necessary that issue be joined in the pleadings
    on the constitutionality of a statute in order to raise the
    question of its constitutionality.

3.  A statute which renders a railway company liable for
    damages in the absence of negligence, for live stock killed
    by the engines and cars of the company is to that extent un-
    constitutional.

[Commenced in District Court March 19, 1894. Decided June 25, 1895.]

RESERVED QUESTIONS from the District Court for Albany County, HON. JOHN W. BLAKE, Judge.

Action by John H. Schenck against the Union Pacific Ry. Co. and S. H. H. Clark et al., receivers of said company, for $100 damages for a cow killed by the cars of the company, operated by said receivers. The petition alleged that the animal, without fault of the owner, wandered upon the railway tracks, and that the agents and servants of the defendants managed the locomotives and cars so carelessly and negligently that the same ran against and over the animal and killed it. Demurrers to the petition were filed and overruled, and thereupon separate answers were filed denying generally each allegation of the petition except the corporate character of the company, and the appointment of the receivers. The case went to trial, and at the conclusion of the evidence and arguments of counsel, was taken under advisement. The court thereafter entered special findings to the effect that no negligence or carelessness of the defendants, or either of them, contributed to the injuries or death of the cow, and the court further determined that important and difficult questions arose in the cause, and ordered that they be reserved for the decision of the Supreme Court. Such questions are recited in the opinion. Upon the filing of the papers in the Supreme Court, counsel for the plaintiff filed a motion for leave to withdraw the papers for the purpose of having a hearing and trial in the district court, on the grounds: 1. That no judgment had been entered on the evidence and findings. 2. Because the pleadings do not join issue on the constitutionality of the statutes reserved to the court for decision. 3. Because final judgment cannot be had until a new trial is had in the district court.

*W. H. Fishback,* for plaintiff (no brief filed).

*Lacey & Van Devanter,* for defendants, contended that the statute making the liability of a railroad company absolute, and precluding any defense showing lack of carelessness, was and is unconstitutional, and cited (R. Co. v. Lackey, 78

Ill., 55; Jensen v. U. P. Ry. Co., 6 Utah, 253; D. & R. G. Ry. Co. v. Outcalt, 2 Colo. App., 395; Broom's L. Max., 735; 1 Greenl. Ev., 522; Parsons v. Russell, 11 Mich., 133; Taylor v. Porter, 4 Hill, 140; Greene v. Briggs, 1 Curt., 311; Zeigler v. R. Co., 58 Ala., 595; Cateril v. Ry. Co., 2 Ida., 540; Bielenberg v. Ry. Co., 8 Mont., 271; Ry. Co. v. Smalley, 1 Wash. St., 206; R. R. Co. v. Batty, 6 Neb., 37; Wadsworth v. Ry., 18 Colo., 600; Ry. Co. v. Vaughn, 34 Pac., 264; Ry. v. Chamberlin, id., 1113).

CONAWAY, JUSTICE.

This is an action for damages for the killing of a cow by the locomotives and cars of defendants. . The petition charges that "the said defendants, by their agents and servants, not regarding their duty in that respect, so carelessly and negligently ran and managed said locomotives and cars that the same ran against and over said cow of the plaintiff and killed the same, to his great damage," etc. A jury was waived by the parties and a trial had by the court. The court reserves two important and difficult questions arising in the cause for decision by this court.

There is a motion by plaintiff to withdraw the papers in this cause from the files of this court because there was no judgment rendered in the district court on the evidence and the findings of that court, and the pleadings "do not join issue on the constitutionality of the statutes of Wyoming reserved and certified by the court," and final judgment cannot be given until a new trial is had in the district court.

This motion is overruled. The reservation of important and difficult questions by the district courts for decision by this court is not premature on account of the reservation being made before judgment. Neither is it necessary that any issue be joined in the pleadings on the constitutionality of a statute in order to raise the question of its constitutionality.

The questions reserved for decision are:

"First. Are the defendants, or either of them, liable for the killing of said cow without reference to the question of negligence?

"Second. Is the statute of Wyoming in relation to the killing of live stock by engines and cars unconstitutional to the extent that it renders the railway company operating such engines and cars liable for stock killed by the same in the absence of negligence?"

To the first question we answer no, and to the second, such statutes are unconstitutional to the extent specified.

The principles upon which such statutes are held to be unconstitutional have been so often discussed that a new consideration of them in this case would be unprofitable and tedious. The following are some of the authorities: Railroad Co. v. Lackey, 78 Ill., 55; Jensen v. U. P. Ry. Co., 6 Utah, 253; D. & R. G. Ry. Co. v. Outcalt, 2 Colo. App., 395; Parsons v. Russell, 11 Mich., 113; Taylor v. Porter, 4 Hill, 140; Zeigler v. Railroad Co., 58 Ala., 595; Oregon Ry. Co. v. Smalley, 23 Pac., 1008; Atchison Railroad Co. v. Batty, 6 Neb., 37.

Groesbeck, C. J., and Potter, J., concur.