(January 25, 1899.)

## JONES v. OREGON SHORT LINE RAILWAY.

[56 Pac. 76.]

EVIDENCE INSUFFICIENT TO SUPPORT THE JUDGMENT.—Evidence in this case examined and held not to support judgment. *Kelly v. Oregon Short Line etc. R. R. Co.*, 4 Idaho, 190, 38 Pac. 404, distinguished.

LIABILITY FOR INJURY TO ANIMALS.—Railroad company held not liable for injury to animals, where there is an entire absence of proof of negligence on the part of the railroad company.

(Syllabus by the court.)

APPEAL from District Court, Lincoln County.

P. L. Williams and Joseph H. Blair, for Appellant.

There is neither testimony nor evidence in the case that the steer and bull were killed in consequence of the carelessness or

negligence of anyone. That they were killed by the cars of the appellant raises no presumption of negligence on the part of the defendant or any one of its servants or agents. As this question has so frequently been passed upon by this court, we will rest with citing some of the cases, and ask the court's consideration of them, to wit: *Cateril v. U. P. Ry. Co.,* 2 Idaho, 576, 21 Pac. 416; *Holt v. Spokane etc. Ry. Co.,* 4 Idaho, 443, 40 Pac. 56; *King v. Oregon etc. R. Co.,* ante, p. 306, 55 Pac. 665; *Lindsay v. Ry. Co.,* 27 Vt. 643; *Flattes v. C. etc. R. Co.,* 35 Iowa, 191; *Brown v. H. etc. R. Co.,* 33 Mo. 309; *Scott v. Railway Co.,* 4 Jones (N. C.), 432.

Guy C. Barnum and James H. Hawley, for Respondent.

We think the case of *Kelly v. Oregon Short Line etc. R. R. Co.,* 4 Idaho, 190, 38 Pac. 404, settles the contention in this case. The facts in that case are almost identical with the facts in this case, and the court says in concluding the opinion: "We think sufficient was shown by plaintiff to put the defendant to its proof. In fact, we do not even see, in the absence of an eye-witness, how more could be proved by plaintiff, and the only eye-witnesses were the employees of defendant." Section 2680 of the Revised Statutes of Idaho provides as follows: "Every railroad company operating any line of railroad within this state that maims or kills any . . . . cow, heifer, bull, ox, steer, or calf, or any other domestic animals, by running any engine or cars over or against any such animal, is liable to the owner of such animal for damages sustained by such owner by reason thereof, unless the injury occurred through the neglect or fault of the owner."

HUSTON, C. J.—This action was brought in justice's court to recover the value of certain animals alleged to have been killed by the defendant running an engine and cars over and against the same. Plaintiff recovered judgment in the justice's court, and defendant appealed to the district court, where the case was tried upon the following agreed statement of facts: "It is stipulated and agreed by and between the plaintiff and defendant that the plaintiff, if personally present and sworn in court, would testify as follows, to wit: That during the

latter part of April and in the early part of May, 1897, he was the owner of one steer and one bull, the same as described in his complaint herein; that he turned them (with other stock) out to run at large upon open, unfenced government in Lincoln county, Idaho, in April, 1897; that for several weeks he did not see the same, nor the herd with which said steer and bull were running at large; that some time about the middle of June, or perhaps a little thereafter, he missed said steer and bull, and made a search for them; that, upon such search made, he was unable to find them; that thereupon he went to Shoshone, and examined the record kept by the agent of the defendant, pursuant to section 2681 of the Revised Statutes of Idaho, showing the brands, marks, color, and age of stock killed by the railroad company, and there found the description of his steer and bull as having been killed by the railroad company upon its track by its locomotive on or about May 10, and June 14, 1897, at or near mile-post 340. And further than this he has no knowledge of any of the facts connected with the killing, and he has no other or further evidence to offer, except that he knows that the country at and around said mile-post is level country; that the railroad is not fenced there; that it is government land, lying along and abutting the defendant's right of way and railroad track for a long distance both ways from said mile-post 340; that he does not know whether his stock was killed in the daytime or in the night-time; that he does not know whether it was hit by a freight or passenger train; he does not know which way the train which hit the same was going; he has no knowledge of what care or want of care was used or exercised to prevent hitting the same, and does not know but the greatest of care was used; he knows nothing in relation to the killing except what the said record book showed to him. The value of the steer was twenty dollars and the bull twenty-five dollars; both forty-five dollars. And he has no other evidence to offer." Respondent relies upon the case of *Kelly v. Railroad Co.,* 4 Idaho, 190, 38 Pac. 404, decided by this court. In the Kelly case, the plaintiff identified the animal killed, the time when it was killed, and proved that at the time, which was in the night-time, there

was snow upon the track; that the animal killed was of a black color; that the track at the place of killing was straight for a mile or more; that there were tracks between the rails for some distance to where the animal was knocked off the track— quite a different state of facts from that presented by the record in this case. We do not think the facts shown in the agreed statement of facts in this case are sufficient to warrant the judgment. Respondent cites and relies upon section 2680 of the Revised Statutes of Idaho. This section was declared to be unconstitutional by the supreme court of the territory of Idaho in *Cateril v. Railway Co.,* 2 Idaho, 576, 21 Pac. 416, and *Railway Co. v. Holt,* 4 Idaho, 443, 40 Pac. 56. Judgment of the district court is reversed, with costs to appellant.

Quarles, J., concurs.

Sullivan, J., did not sit at the hearing of this case, on account of sickness.